**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aziz Muhammed Duqmaq,<br><br>  Plaintiff,<br><br>vs.<br><br>Pima County Sheriff's Department;<br>Sheriff Clarence Dupnik; Keith Anthony<br>Doty and Jane Doe Doty, husband and<br>wife; Sameer Ibrahim Qasem and Jane<br>Doe Qasem, husband and wife; John<br>Does 1-50; and Jane Does 1-50,<br><br>  Defendants. | No. CV-11-00082-TUC-FRZ<br><br>**ORDER** |

In October 2010, Aziz Duqmaq filed suit against the Pima County Sheriff's Department, Sheriff Clarence Dupnik, former County corrections officers Keith Doty and Sameer Qasem, and multiple unnamed defendants. Doc. 1-5. The amended complaint alleges that Doty and Qasem unlawfully accessed a County database to view Plaintiff's personal information in furtherance of a an identity theft scheme, resulting in felony charges and guilty pleas on the part of Doty and Qasem. Doc. 1-4. The complaint asserts multiple state law tort claims and a federal claim for violation of civil rights under 42 U.S.C. § 1983. *Id.*

Defendants Pima County Sheriff's Department and Sheriff Dupnik have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 5. Defendants Doty and Qasem have filed motion for summary judgment under Rule 56.

Doc. 19. The motions are fully briefed. Docs. 16, 17, 22, 23. For reasons that follow, the motions will be granted.[1]

**I.    The Motion to Dismiss.**

    **A.    Rule 12(b)(6) Standard.**

When analyzing a complaint for failure to state a claim for relief under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the [plaintiff].'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and therefore are "'insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Securities Litigation*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, and satisfy the pleading requirements of Rule 8(a), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 50 U.S. 544, 570 (2007). Where the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 662 (quoting Fed. R. Civ. P. 8(a)(2)).

    **B.    Pima County Sheriff's Department.**

Defendants argue (Doc. 5 at 6-7), and Plaintiff does not dispute, that the Sheriff's Department is a non-jural entity. *See Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010); *Orrell v. Maricopa County*, No. CV 11-01492-PHX-NVW, 2012 WL 1158642, at *1 (D. Ariz. Apr. 6, 2012); *Madrid v. Maricopa County*, No. CV-10-2031-PHX-GMS, 2011 WL 1578506, at *2 (D. Ariz. Apr. 27, 2011); *Wilson v. Maricopa County*, No. CV04-2873-PHX-DGC, 2005 WL 3054051, at *2 (D. Ariz. Nov. 15, 2005). Because is it without the capacity to sue or be sued, and for reasons stated below, the claims asserted against the Pima County Sheriff's Department will be dismissed.

---

[1] The requests for oral argument (Docs. 19, 22) are denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

**C.     State Law Claims.**

In count one of the complaint, Plaintiff alleges that Sheriff Dupnik was negligent in that he knew, or should have known, of the likelihood of misconduct on the part of Doty and Qasem and failed to prevent it. Doc. 1-4 ¶ 36. In counts two through eight (count three is omitted from the complaint), Plaintiff asserts multiple state law tort claims against Doty and Qasem:  invasion of privacy, defamation, infliction of emotional distress, endangerment, false prosecution, and "any and all other torts." *Id.* ¶¶ 40-45. Plaintiff alleges that Sheriff Dupnik is liable for those torts based on the doctrine of respondeat superior. *Id.* ¶ 37. Count nine appears to be a request for an award of punitive damages. *Id.* ¶ 46.

The state law claims must be dismissed, Defendants argue, because Plaintiff has failed to file the requisite notice of claim and the claims otherwise are barred by the statute of limitations and statutory immunity. Doc. 5 at 3-4. The Court agrees.

Pursuant to Arizona's notice of claim statute, A.R.S. § 12-821.01(A), a person who asserts claims against a public entity and public employee "'must give notice of the claim to *both* the employee individually and to his employer.'" *Harris v. Cochise Health Sys.*, 160 P.3d 223, 230 (Ariz. Ct. App. 2007) (citation omitted). This "'requires that those persons asserting claims against public entities or public employees do so by *actually delivering* or ensuring that actual delivery of the notice of claim to the appropriate person within the statutory period.'" *Norby v. City of Tombstone*, No. CIV 07-232-TUC-CKJ, 2008 WL 5068835, at *3 (D. Ariz. Dec. 1, 2008) (citation omitted).

Plaintiff does not dispute that while he filed a notice of claim with Pima County, he failed provide one to Sheriff Dupnik and his department. *See* Doc. 5 at 3. Because compliance with the notice of claim statute is a mandatory and essential prerequisite to suit, *see Harris*, 160 P.3d at 230, the state law claims asserted against Sheriff Dupnik and the Pima County Sheriff's Department will be dismissed.

Moreover, pursuant to the relevant statute of limitations, A.R.S. § 12-821, "[a]ll actions against any public entity or employee shall be brought within one year after the cause of action accrues and not afterward." Because he had knowledge of the facts underlying his

state law claims in early 2009 and filed suit more than one year later in October 2010, Plaintiff concedes that the claims are barred by A.R.S. § 12-821. Doc. 16 at 3.

Finally, Plaintiff does not dispute that Sheriff Dupnik and his department are immune from suit under A.R.S. § 12-820.05(B) given that the complaint contains no allegation that the Sheriff knew Doty and Qasem had a propensity for engaging in felonious conduct. *See Cameron v. Gila County*, No. CV11-80-PHX-JAT, 2011 WL 2115657, at *5 (D. Ariz. May 26, 2012) (finding municipality immune from suit where it had no reason to believe its employees had a propensity for engaging in felonious false arrest and imprisonment).

In summary, the state law claims asserted against Sheriff Dupnik (counts two through nine) will be dismissed on the grounds that Plaintiff has failed to comply with the notice of claim statute, the claims are time barred, and the Sheriff is immune from suit on the claims. For the same reasons, the claims do not survive dismissal as against the Pima County Sheriff's Department to the extent the department were found to be a jural entity capable of being sued.

**D.     The Federal Civil Rights Claim.**

Counts one, ten, and eleven, when read together, purport to assert a claim for violation of civil rights under 42 U.S.C. § 1983. Defendants are alleged to have been acting under color of state law, and the actions complained of purportedly caused a civil rights violation. Doc. 1-4 ¶¶ 39, 47-49, 51. With respect to Sheriff Dupnik, the complaint contains no allegation that he personally participated in the misconduct engaged in by Doty and Qasem. Instead, the complaint alleges that Plaintiff's civil rights were violated as a result of the Sheriff's negligent training and supervision and, alternatively, his policies and practices. *Id.* ¶¶ 34-35.

Defendants argue, correctly, that neither Sheriff Dupnik nor his department may be found liable on a § 1983 claim based on a theory of respondeat superior or vicarious liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978). Mere negligence on the part of the Sheriff is not sufficient for liability to attach under § 1983, *see Jernigan v. Richard*, --- F. Supp. 2d ----, 2012 WL 79262, at *12 (D. Ariz. Jan. 12, 2012), and the

- 4 -

1 complaint alleges only generally, and without factual support, that the civil rights violation 2 resulted from Defendants' "reckless or callous indifference to the federally protected rights 3 of [Plaintiff]." Doc. 1-4 ¶ 46.  Thus, to prevail on his § 1983 claim against Sheriff Dupnik, 4 Plaintiff must show a formal departmental policy or a longstanding practice causing the 5 alleged civil rights violation.  *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

6 The § 1983 claim fails under *Twombly* and *Iqbal*, Defendants argue, because the claim 7 is conclusory and unsupported by factual allegations.  Doc. 5 at 5.  Plaintiff asserts that a 8 § 1983 claim is "sufficient to withstand a motion to dismiss 'even if the claim is based on 9 nothing more than a bare allegation[.]'"  Doc. 16 at 3 (quoting *Shah v. County of L.A.*, 797 10 F.2d 743, 747 (9th Cir. 1986)).  Plaintiff further asserts that *Twombly* and *Iqbal* have no 11 application to § 1983 actions, and that as long as the claim ultimately is substantiated by 12 facts, the lack of factual allegations in the complaint does not warrant dismissal.  Those 13 assertions are patently wrong.

14 The Supreme Court made clear in *Iqbal* that its "decision in *Twombly* expounded the 15 pleading standard for 'all civil actions[.]'"  556 U.S. at 684.  Under that pleading standard, 16 "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more 17 than labels and conclusions, and a formulaic recitation of the elements of a cause of action 18 will not do[.]"  *Twombly*, 550 U.S. at 555 (citations and brackets omitted).  Rule 8 does not 19 empower the plaintiff "to plead the bare elements of his cause of action . . . and expect his 20 complaint to survive a motion to dismiss."  *Iqbal*, 556 U.S. at 687.  Stated differently, Rule 8 21 "does not unlock the doors of discovery for a plaintiff armed with nothing more than 22 conclusions."  *Iqbal*, 556 U.S. at 678-79.

23 The § 1983 claim asserted against Sheriff Dupnik and his department is entirely too 24 conclusory to survive dismissal.  As an initial matter, the complaint fails to identify any 25 specific constitutional deprivation or civil rights violation.  "Section 1983 provides a cause 26 of action against any person who, under color of state law, abridges rights 'unambiguously' 27 created by the Constitution or laws of the United States."  *Crowley v. Nevada*, --- F.3d ----, 28 2012 WL 1432532, at *3 (9th Cir. Apr. 26, 2012) (citations omitted).  Plaintiff alleges

generally that he was subjected "to a deprivation of his rights, privileges and immunities, as secured and guaranteed by the Constitution" (Doc. 1-4 ¶ 51), but nowhere in the complaint does he specify the federal right alleged to have been violated.

Nor does the complaint identify any specific policy or practice of Defendants as the "moving force" behind the alleged civil rights violation. *Monell*, 436 U.S. at 694. The complaint's allegations "are too vague and conclusory to state claims for policies and practices implemented by [Sheriff Dupnik] – it is unclear what the policy or practice is or how it resulted in the alleged deprivation." *Sharp v. Maricopa County*, No. CV 08-2316-PHX-DGC (JRI), 2010 WL 447376, at *3 (D. Ariz. Feb. 4, 2010) (citing *Iqbal*, 129 S. Ct. at 1949). Because the complaint shows no affirmative link between Sheriff Dupnik's conduct and Plaintiff's alleged injury, the complaint has not "nudged" Plaintiff's claim under § 1983 "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 680. The § 1983 claim asserted against the Pima County Sheriff's Department and Sheriff Dupnik in counts one, ten, and eleven will be dismissed. *See Turner v. Oakland Police Officers*, No. C 09-03652 SI, 2010 WL 2491440, at *2 (N.D. Cal. June 15, 2010) (noting that "the Ninth Circuit and numerous other circuits have applied *Iqbal*'s pleading requirements in Section 1983 cases"); *Rosen v. Cmty. Educ. Ctrs., Inc.*, No. CV-10-0584-PHX-FJM, 2010 WL 3981200, at *4 (D. Ariz. Oct. 8, 2010) (finding that the § 1983 claim failed as a matter of law because the plaintiff's "highly speculative 'some set of facts' does not constitute 'well-pleaded factual allegations'") (quoting *Iqbal*, 556 U.S. at 679).

**II.     The Motion for Summary Judgment.**

      **A.     Summary Judgment Standard.**

A principle purpose of summary judgment is to dispose of factually or legally unsupported claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party,

shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### B. State Law Claims.

Defendants Doty and Qasem seek summary judgment on the state law tort claims on the grounds that Defendants were served with no notice of claim and the claims otherwise are time barred. Doc. 19 at 4-6. Defendants have presented uncontroverted affidavit testimony showing that they have not been served with the requisite notice of claim. Doc. 20-1 at 2-3, 17-18. The law is clear that "strict compliance with A.R.S. § 12-821.01(A) is required[.]" *Simon v. Maricopa Med. Ctr.*, 234 P.3d 623, 630 (Ariz. Ct. App. 2010). The Court therefore concludes, and Plaintiff does not dispute, that the state law claims asserted against Defendants Doty and Qasem are barred under A.R.S. § 12-821.01(A) for Plaintiff's failure to provide each Defendant, individually, with a notice of claim.

The state law claims are further barred by the one-year statute of limitations, A.R.S. § 12-821. The notice of claim filed with Pima County, which Defendants have submitted in support of their request for summary judgment, is dated January 16, 2009 and states that Plaintiff discovered Defendants misconduct on October 9, 2008. Doc. 20-1 at 66. Because Plaintiff filed suit in October 2010 (Doc. 1-5), more than one year after his state law claims accrued, the claims are barred by A.R.S. § 12-821.

Plaintiff asserts, without citation to the record, that the lawsuit was filed "less than a year after [he] learned of the incident and therefore well within the filing deadline." Doc. 22 at 3. But Plaintiff admits that he actually learned of Defendants' misconduct in early 2009, only months after the State attempted to notify him in October 2008 that he was a victim of a crime. *Id.* As noted above, Plaintiff has conceded that his state law claims against Sheriff Dupnik and his department are time barred. Doc. 16 at 3. Plaintiff does not explain, and it is not otherwise clear to the Court, how the claims may be deemed timely as against Doty and

Qasem.

In summary, the Court will grant Defendants' motion for summary judgment on the state law claims (counts two through nine).

### C.     The Federal Civil Rights Claim.

In count one of the complaint, Plaintiff alleges that "the tortious and injurious actions of Defendants Qasem and Doty [have] violated Plaintiff's civil rights[.]" Doc. 1-4 ¶ 35. Plaintiff alleges in counts ten and eleven that Defendants acted under color of state law and that the civil rights violation was proximately caused by Defendants. *Id.* ¶¶ 47-51.

Defendants argue, correctly, that the complaint does not set forth the specific constitutional right allegedly violated. Doc. 19 at 6. Plaintiff asserts that the constitutional right violated in this case is the right to privacy "found in the 9th Amendment amongst other places" (Doc. 22 at 4), but presents no legal analysis or authority in support of this assertion.

Nor has Plaintiff presented evidence showing that his purported constitutional right to privacy has been violated by Defendants. In violation of the Court's Local Rules of Civil Procedure, Plaintiff has failed to file a controverting statement of facts and supporting evidence. LRCiv 56.1(b). Given Defendants' evidence that they never used Plaintiff's personal information and had no intent to do so (Doc. 20 ¶ 11), which is undisputed for summary judgment purposes, *see* Fed. R. Civ. P. 56(e)(2), no jury reasonably could conclude that Defendants deprived Plaintiff of a constitutional right to his detriment. Defendants' motion for summary judgment on the § 1983 claim (counts one, ten, and eleven) will be granted.

### III.    Conclusion.

Plaintiff's state law tort claims are barred by the notice of claim statute, A.R.S. § 12-821.01(A), the applicable statute of limitations, A.R.S. § 12-821, and the immunity provided by A.R.S. § 12-820.05(B). The complaint fails to state a claim for violation of civil rights under 42 U.S.C. § 1983, and Plaintiff otherwise has presented no evidence supporting a § 1983 claim. The Court will grant the motion to dismiss (Doc. 5) and the motion for summary judgment (Doc. 19). In light of these rulings, Pima County and Sheriff Dupnik

- 8 -

shall, by May 18, 2012, file a report concerning the status of the cross-complaint for declaratory judgment brought against Doty and Qasem. Doc. 15.

**IT IS ORDERED:**

1. Defendants Pima County Sheriff's Department and Sheriff Clarence Dupnik's motion to dismiss (Doc. 5) is **granted**.

2. Defendants Anthony Doty and Sameer Qasem's motion for summary judgment (Doc. 19) is **granted**.

3. The claims asserted in the amended complaint (Doc. 1-4) against the unnamed John and Jane Doe Defendants are **dismissed**.

4. Pima County and Sheriff Clarence Dupnik shall file a status report concerning the cross-complaint (Doc. 15) by **May 18, 2012**.

DATED this 8th day of May, 2012.

_____
Frank R. Zapata
**Senior United States District Judge**